```
            IN THE UNITED STATES DISTRICT COURT FOR
              THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA    :
                            : NO. 4:16-CR-19
        v.                  :
                            :
LAMONT JOHNSON,             :
                            : Judge Brann
              Defendant.    :
```

**DEFENDANT'S MEMORANDUM IN SUPPORT OF OBJECTIONS
TO PRE-SENTENCE REPORT AND SENTENCING MEMORANDUM**

Defendant Lamont Johnson, by and through his undersigned counsel, hereby submits this Memorandum in support of his objections to the Pre-Sentence Report and in aid of sentencing.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 20, 2016, Mr. Johnson and three other individuals were arrested for distributing controlled substances over a five day period in Lycoming County, January 15, 2016 to January 20, 2016.  Thereafter, on January 28, 2016, Mr. Johnson and the three other individuals were indicted on one count each of Conspiracy to Distribute a Controlled Substance and Distribution of a Controlled Substance, pursuant to 21 U.S.C. § 846 and 841.

On February 11, 2016, a thirteen-count superseding indictment was returned.  Fifteen other defendants were included. On November 10, 2016, a second superseding indictment was returned adding additional defendants, but otherwise no new

charges against Mr. Johnson. Mr. Johnson has been detained on these charges since the date of his arrest, January 20, 2016.

On December 20, 2017, pursuant to a negotiated plea agreement, Mr. Johnson entered a guilty plea to count one, Conspiracy to Distribute a Controlled Substance. As part of that agreement, the parties stipulated to the applicable drug weight as 400-700 grams of heroin.

A Pre-sentence Report (the "PSR") was ordered and prepared on February 13, 2018. On February 27, 2018, Mr. Johnson filed various objections to the Report. Substantively, he filed a challenge to his criminal history calculation and the application of the two-level gun enhancement.

On April 3, 2018, Probation prepared an Addendum to the PSR. In that Addendum, Probation withdrew the criminal history points it originally assigned to Mr. Johnson in paragraphs 35 and 36 and agreed that his criminal history category is I. However, Probation rejected Mr. Johnson's challenge to the application of the gun enhancement.

On April 11, 2018, the Court notified the parties that sentencing would occur on April 23, 2018. Accordingly, this memorandum addressing the objections to the Report as well as the relevant 18 U.S.C. § 3553(a) factors is being submitted on behalf of Mr. Johnson.

**ARGUMENT**

**I.**

**MR. JOHNSON'S OBJECTION TO THE APPLICATION OF THE FIREARM ENHANCEMENT UNDER U.S.S.G. 2D1.1(b)(1) SHOULD BE SUSTAINED.**

U.S.S.G. § 2D1.1(b)(1) provides for a two-level increase in the offense level if a dangerous weapon, including a firearm, was possessed during the offense.  See U.S.S.G. § 2D1.1(b)(1).  The Government bears the burden of establishing by a preponderance of the evidence that a weapon was possessed by the defendant for this enhancement to apply.  See United States v. Watts, 519 U.S. 148, 157 (1997); United States v. Pitts, 3 F. Supp. 2d 637, 639 (E.D. Pa. 1998), aff'd 193 F.3d 515 (3d Cir. 2003).

In the absence of actual possession, a person may only be subject to the enhancement if the Government establishes his or her constructive possession of the weapon.  See United States v. Ortiz, 31 F. Supp. 2d 469, 471 (E.D. Pa. 1999) ("[p]ossession may be actual or constructive").  Constructive possession exists if the defendant "knowingly has both the power and the intention, at a given time, to exercise dominion or control over [the] object."  Pitts, 3 F. Supp. 2d at 639; United States v. Jenkins, 90 F.3d 814, 817-818 (3d Cir. 1996).  "Dominion or control, however, are not established by mere proximity."  Ortiz, 31 F. Supp. 2d at 471.

Here, to support the enhancement, Probation originally relied upon the single allegation of the pending homicide case that allegedly occurred some fifteen months earlier in Philadelphia County in October 2014.  Under Probation's theory, because the overall conspiracy conduct in count one of this Superseding Indictment included the time frame in the pending homicide case, the gun enhancement applied.  (Doc. 827; PSR ¶ 27).  There was no evidentiary support provided by anyone, then or now, of a sufficient nexus between the purported homicide events that allegedly occurred in Philadelphia fifteen months earlier and the drug trafficking activities in central Pennsylvania during January 2016.[1]  See United States v. Stallings, 463 F.3d 1218 (11th Cir. 2006) (government did not produce any evidence that defendant possessed the firearms during conduct associated with drug trafficking activities); United States v. Ramos, 71 F.3d 1150

---

[1] In the Philadelphia case, (Commonwealth v. Lamont Johnson, No. 9054-CR-2016), no drug charges were part of that case. See Def.'s Ex. A.  The case in Philadelphia is still pending and trial is scheduled for July 2018.  Despite Probation's ominous depiction of the evidence in paragraph 40, the evidence in that case is not compelling.  In fact, the preliminary hearing in that case was continued multiple times in part due to a recalcitrant witness.  See Def.'s B. (Commonwealth v. Lamont Johnson, MC No. 9054-CR-2016).  Of course Mr. Johnson's arrest record not leading to a conviction should not be considered by the Court.  See United States v. Berry, 553 F.3d 273 (3d Cir. 2009).

(5th Cir. 1995) (rejecting firearm enhancement based upon insufficient nexus between defendant and firearms).

Undeterred, Probation abandoned that theory in its Addendum to the PSR and instead now relies upon the Government's allegation that purportedly during an intercepted call on January 15, 2016 between Mr. Johnson and an undisclosed heroin user there was a discussion about the exchange of drugs for a .22 caliber Smith & Wesson firearm. (Doc. 892; PSR Addendum ¶¶ 20, 27).  Nevertheless, this contention is baseless.

Even assuming arguendo that such a conversation purportedly occurred, a gun enhancement cannot be applied because there is no evidence that he actually "possessed" a firearm as required.  The plain language of U.S.S.G. § 2D1.1(b)(1) requires that the firearm "was possessed."  The mere statement of trading a gun without any proof that Mr. Johnson actually possessed it, does not satisfy this standard. See United States v. Briggs, 623 F.3d 724 (9th Cir. 2010) (gun enhancement rejected where only evidence was in undercover phone call where defendant bragged about guns he had access to and there was no actual evidence that he ever possessed them); see also United States v. Whitfield, 89 F. Supp. 2d 587, 592 (E.D. Pa. 2000) (rejecting constructive possession claim because "[w]ithout additional facts showing some connection

5

between [defendant] and the weapon, there is no evidence that she exercised the necessary control over the weapon.").

Accordingly, the firearm enhancement does not apply and Mr. Johnson's objection should be sustained.

## II.

### A FIVE YEAR MANDATORY MINIMUM SENTENCE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY.

Even with the application of a mandatory minimum sentence, a district court must still correctly calculate the guideline range and it may not treat that range as mandatory or presumptive. See Gall v. United States, 552 U.S. 38, 49 (2007). To that end, the district court must consider all the § 3553(a) factors, make an individualized assessment, and explain how the facts relate to the purposes of sentencing. Id. at 53-60. The district court's "overarching" duty is to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." Kimbrough v. United States, 552 U.S. 85, 101 (2007); see also Booker v. United States, 543 U.S. 220 (2005).

Here, Mr. Johnson faces a steep sentence according to the United States Sentencing Guidelines. With the application of the gun enhancement, Mr. Johnson faces a 57-71 months.[2]

---

[2] If the Court sustains Mr. Johnson's objection to the gun enhancement the guidelines would be 46-57 months.

6

However, because of the application of a five year mandatory minimum sentence, he cannot receive a sentence below that.

Before the enactment of the Anti-Drug Abuse Act of 1986, federal drug offenders were subject to maximum sentences and no mandatory minimum sentences. See, e.g., 21 U.S.C. § 841(b)(1)(A)(1982) (providing for a maximum sentence of fifteen years for offenses involving Schedule I or II narcotic drugs).  As a result of this Act, mandatory minimum sentences were triggered and based primarily on the quantity of the drugs involved.  See id. (Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, § 1002, 100 Stat 3207 (1986).  Against this backdrop, the Court should sentence Mr. Johnson to the mandatory minimum sentence of five years.  He deserves nothing more.

First, Mr. Johnson was not the progenitor of this drug conspiracy.  He was not unimportant.  He is culpable.  However, his direct involvement in the case was brief in time.  While the Indictments changed over time, adding additional defendants, charges, and thereby expanding the time of the conspiracy, the conduct of Mr. Johnson remained the same.  In all of the Indictments, he was alleged to distribute heroin over a five day period from January 15-20, 2016.[3]

---

[3]  The initial Indictment, in which Mr. Johnson and three others were charged, listed the conspiracy time frame from

Second, in addition to the brief time he was involved, the amount of weight he was responsible for distributing as part of the conspiracy was substantially less (100 grams or more) than at least six others in the conspiracy who were charged with 1,000 grams or more.

Consequently, Mr. Johnson's limited involvement in this criminal activity, both in duration and substance by itself, merits a lesser sentence. See United States v. Castellanos, No. 8:03-CR-394, 2008 WL 5423858, *1, (D. Neb. Dec. 29, 2008) (short time in which defendant participated in drug conspiracy supported lesser sentence); United States v. Gomez, 215 F. App'x 200, 202 (4th Cir. 2007) (upholding reduction for defendant's role in offense was "a little less pronounced, a little less significant than the heavier players").

Third, a longer sentence does nothing to deter crime.  Even the Department of Justice agrees that increased punishment does not deter crime.  See U.S. Dep't of Justice, Office of Justice Programs, National Institute of Justice, Five Things About Deterrence, July 2014 (noting "increasing the severity of punishment does little to deter crime.").

---

January 15, 2016 through the date of the return of the Indictment, January 28, 2016.  Mr. Johnson was arrested on January 21, 2016.

Finally, in virtually all of the sentencing proceedings of the co-defendants in this Indictment, the Government invariably argues that Mr. Johnson's conduct and the illegal sale of heroin in this case has contributed to the heroin epidemic in central Pennsylvania.  See (Doc. 907 at 11-16).  The Government attempts to paint a bleak picture of that crisis, even analogizing it to the September 11 attacks.[4]

It is beyond cavil that heroin has become a serious public health issue around the country and in this region.  However, prescription opioids are often overlooked as the driving force behind the heroin epidemic.  See CDC Drug Overdose Deaths In the United States Continue to Increase in 2015, www.cdc.gov/drugoverdose/epidemic/index.html (noting deaths from prescription opioids-drugs like oxycodone, hydrocodone, and methadone have quadrupled since 1999); see also David Lapp, The War Zone in White America, The National Review, Jan. 14, 2016 (75% of recent white heroin users say they were introduced to heroin through prescription drugs).  In fact the empirical data suggests that heroin overdoses, while clearly significant, are far less than

---

[4]  Reference to the most horrific terrorist attack in United States history to quantify the number of victims is not necessary to make a number tangible and is not coincidental.  This United States Attorney's Office has previously used the 9/11 attacks by analogy on unrelated matters as a veiled method to create prejudice.  See United States v. Moore, 375 F.3d 259, 266 (3d Cir. 2004) (new trial ordered where prosecutor in closing argument compared defendant to 9/11 terrorist).

that involving natural, synthetic and semi-synthetic opioids. See Def.'s Ex. C (citing CDC statistics in opioid deaths in United States in 2016).

Considering all of these factors, a sentence of sixty months, is sufficient, but not greater than necessary.

## CONCLUSION

For all of the foregoing reasons, Mr. Johnson submits that his objections to the PSR should be sustained and a sentence of sixty months be imposed.

Dated:    April 19, 2018

                      MIELE & RYMSZA, P.C.


                    By:   s/Edward J. Rymsza
                          Edward J. Rymsza, Esq.
                          Pa. I.D. No. 82911
                          Attorney for Defendant
                          125 East Third Street
                          Williamsport, PA  17701
                          (570) 322-2113
                          (570) 322-8813 (facsimile)
                          rymsza@comcast.net

**CERTIFICATE OF SERVICE**

I, Edward J. Rymsza, Esq., hereby certify that on this 19th day of April 2018, I served the foregoing Sentencing Memorandum and Memorandum in Support of Objections to the Pre-Sentence Report upon George Rocktashel, Esq. by electronic mail.

Dated:    April 19, 2018

                MIELE & RYMSZA, P.C.

                By:   s/Edward J. Rymsza\_\_\_\_
                      Edward J. Rymsza, Esq.
                      Pa. I.D. No. 82911
                      Attorney for Defendant
                      125 East Third Street
                      Williamsport, PA  17701
                      (570) 322-2113
                      (570) 322-8813 (facsimile)
                      rymsza@comcast.net